**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEI LI, | No. 17-70051 |
| Petitioner, | Agency No. A088-457-575 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]
Pasadena, California

Before: BOGGS,[***] BEA, and HURWITZ, Circuit Judges.

Wei Li, a native and citizen of China, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal from the order of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Immigration Judge ("IJ") denying an application for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand to the BIA for reconsideration in light of our intervening opinion in *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018).

*Guo* also concerned a Christian Chinese national, and we granted a petition for review of the BIA's decision denying the petitioner's asylum application. *Id*. at 1217. We concluded, based on similar (albeit not identical) evidence, that "the scope and seriousness of the government's practices" compelled a finding of past religious persecution. *Id*. at 1211–12, 1215–16. We also distinguished Guo's circumstances from those in *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), in which we denied a petition for review from a Chinese Christian claiming religious persecution, *id.* at 1022.

The government argues that this case is controlled by *Gu*, not *Guo*. Because the BIA did not have the benefit of *Guo* when it rendered its decision, we remand to allow the BIA to address in the first instance the application of *Guo* to Li's asylum application.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] Li also applied for withholding of removal and protection under the Convention Against Torture ("CAT"). The BIA found that Li waived any challenge to the IJ's denial of withholding of removal and CAT protection, and Li's petition for review does not argue otherwise.